```
                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
```

PAUL C. CULLOM, JR., et al.,           )
                                        )   Case No. C07-61-JCC-JPD
          Plaintiffs,                   )
                                        )
     v.                                 )
                                        )   REPORT AND RECOMMENDATION
WILLIAM H. GATES, III, et al.,          )
                                        )
          Defendants.                   )
_____ )

Plaintiffs, appearing *pro se*, recently filed an application to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint in the United States District Court for the Eastern District of Virginia. *See Cullom v. Gates*, Case No. 06-cv-1326 (E.D. Va. 2006); Dkt. No. 4. Finding venue more appropriate in this district, the United States District Judge Gerald Bruce Lee transferred the above-entitled case to this Court on January 3, 2007. Dkt. No. 4-4. The plaintiffs' § 1983 complaint, their IFP application, and the complete record in this case are now before the Court.

Plaintiffs Paul C. Cullom, Jr., Roneisha E. Reynolds, Sherri L. White, Ivy Taylor, and Gloria White included with their IFP application a one-and-a-half page "More Complaint Pro Se (Emergency)," naming no less than seven defendants including, but not limited to, Bill Gates, the City of Kent, the Sheriff of King County, the "Manager of the St. Theodore Apartments," a security manager at the SeaTac Airport Dollar Rent-A-Car, and the U.S. Commission on Civil Rights. Dkt. No. 4-1. While the complaint is drafted on a standard federal employment discrimination form requesting a promotion, back wages, and damages for

REPORT & RECOMMENDATION
PAGE - 1

pain and suffering associated with such discrimination, plaintiffs' pleadings do not appear to allege violations which might be actionable under Title VII or any other federal employment law. Rather, Plaintiffs' complaint asserts, without more, the following facts: that on August 11, 2006, "Bill Gates called [Mr. Cullom]" and "described Melinda [Gates] as being 'poor,'" which Mr. Cullom alleges, "[i]n the full context . . . was fraud on me." Dkt. No. 4-2. This conduct, according to the plaintiffs, amounts to a "gross violation" of Mr. Cullom's and his wife's civil rights on February 27, 2006 and November 12, 2006, respectively. The complaint also informs the Court that Mr. Cullom's wife was "charged with 'obstruction of justice'" at some unspecified time and place, and also mentions a "welcome to the Nixon White House on 12 Nov. 2006." *Id.* Damages are measured at "$1,000 per day since 27 Feb. 2006."

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiffs fail to allege sufficient facts to place the defendants on notice of the nature of their claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as a defendant a municipality without pleading the existence of an unconstitutional policy or custom causing the injury complained of. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises plaintiffs of their responsibility to research the facts and law before filing a complaint in order to determine whether their claim for relief is frivolous. If plaintiffs file a frivolous action, they may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiffs file numerous frivolous

or malicious complaints, the Court may bar them from proceeding IFP in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).[1]

Because of the extreme deficiencies in plaintiffs' IFP application and proposed § 1983 complaint, their request to proceed IFP should be DENIED and this action DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiffs believe that the deficiencies outlined herein can be cured by an amendment to their complaint, they should lodge an amended complaint as a part of their objections, if any, to this Report and Recommendation.

DATED this 1st day of February, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The Court notes that plaintiff Cullom is a prolific litigator who has filed four similar lawsuits in the past six months against various private citizens, governmental officers and attorneys in this district. *See, e.g.*, *Cullom v. Doe*, C06-957-JCC; *Cullom v. Gates*, C06-1564-RSM; *Cullom v. Gates*, C06-1573-MJP; *Cullom v. City of Kent*, C06-1655-JLR. Indeed, a strikingly similar action previously filed by plaintiff in this district was dismissed on grounds similar to those recommended by the Court today. *See Cullom*, C06-957-JCC, Dkt. No. 15 (dismissing case for failure to comply with court's order to show cause and failure to meet the requirements of Rule 8).

REPORT & RECOMMENDATION
PAGE - 3